In the Matter of ROBERT SEIGNIOUS, Respondent, against JOHN L. RICE, as Commissioner of Health of the City of New York, et al., Appellants.

Argued November 19, 1936; decided December 31, 1936.

*Paul Windels, Corporation Counsel (Seymour B. Quel* and *Paxton Blair* of counsel), for appellants. The plumbing industry vitally affects the public health and the provisions of section 1576 of the charter of the city of New York (added by L. 1936, ch. 610), under which plumbers previously licensed may be re-examined as to their qualifications, are, therefore, valid. (*People ex rel. Nechamcus* v. *Warden,* 144 N. Y. 529; *Gundling* v. *Chicago,* 177 U. S. 183; *Rosenthal* v. *New York,* 226 U. S. 260; *Brazee* v. *Michigan,* 241 U. S. 340; *Matter of McKenney* v. *McGoldrick,* 266 N. Y. 665; *People ex rel. Bronx Parkway Comm.* v. *Common Council,* 229 N. Y. 1; *Matter of Mandel* v. *Board of Regents,* 250 N. Y. 173.) The limitation of the right to re-examine under section 1576 of the charter to plumbers licensed since January 1, 1920, may not be deemed to be so unreasonable as to render the statute unconstitutional. (*People* v. *Beakes Dairy Co.,* 222 N. Y. 416; *People ex rel. Bryant* v. *Zimmerman,* 241 N. Y. 405; *Ozan Lumber Co.* v. *Union County Nat. Bank,* 207 U. S. 251; *Louisville & Nashville R. R. Co.* v. *Melton,*

218 U. S. 36; *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61; *Patsone* v. *Pennsylvania*, 232 U. S. 138; *International Harvester Co.* v. *Missouri*, 234 U. S. 199; *Metropolitan Casualty Ins. Co.* v. *Brownell*, 294 U. S. 580; *Darweger* v. *Staats*, 267 N. Y. 290.)

*Abraham Bernard King* and *Joseph F. Ryan* for respondent. Section 1576 of the charter is capricious and arbitrary class legislation. (*Yick Wo* v. *Hopkins*, 118 U. S. 356; *Gundling* v. *Chicago*, 177 U. S. 183; *Matter of Jacobs*, 98 N. Y. 98; *People* v. *Gillson*, 109 N. Y. 389; *People* v. *Ringe*, 197 N. Y. 143; *Hauser* v. *North British & Mer. Ins. Co.*, 206 N. Y. 455; *People ex rel. Nechamcus* v. *Warden*, 144 N. Y. 529; *Schnaier* v. *Navarre Hotel & Imp. Co.*, 182 N. Y. 83; *State of Ohio* v. *Gardner*, 58 Ohio St. 599.) Section 1576 of the charter is discriminatory and unconstitutional by reason of the fact that petitioner may be compelled to submit to re-examination at any time, and for no reasons, while plumbers licensed prior to January 1, 1920, are exempt from such re-examination. (*Rosalsky* v. *State*, 254 N. Y. 117; *Stuart* v. *Palmer*, 74 N. Y. 183; *Matter of Richardson*, 247 N. Y. 401; *Replogle* v. *Little Rock*, 166 Ark. 617.) The acts of the Commissioner of Health are arbitrary, capricious and unreasonable in subjecting all master plumbers licensed after January 1, 1930, to re-examination pursuant to section 1576 of the charter. (*Campbell Baking Co.* v. *City of Harrisonville* 50 Fed. Rep. [2d] 670.) Petitioner possesses a right to his license as a master plumber which may not be interfered with by re-examination, nor may such re-examination be used as a basis for refusal to renew it. (*Matter of Cooper*, 22 N. Y. 67.)

*Edward Weinfeld* and *Burton A. Zorn* for Harry Field *et al.*, *amici curiæ*. The exemption of all plumbers who received their licenses prior to January 1, 1920, constitutes an arbitrary, discriminatory and unreasonable classification in violation of the due process and equal protection provisions of the Constitutions of the United States and

of the State of New York. (*Adams* v. *Tanner*, 244 U. S. 590; *Weaver* v. *Palmer Bros. Co.*, 270 U. S. 402; *Schlesinger* v. *Wisconsin*, 270 U. S. 230; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Liggett* v. *Baldridge*, 278 U. S. 105; *Arkansas Natural Gas Co.* v. *Arkansas R. Commission*, 261 U. S. 379; *Atchison, T. & S. F. R. Co.* v. *Matthews*, 174 U. S. 96; *Truax* v. *Corrigan*, 257 U. S. 312; *Southern Ry. Co.* v. *Greene*, 216 U. S. 400; *Gulf Col. & S. F. Ry.* v. *Ellis*, 165 U. S. 150; *St. John* v. *New York*, 201 U. S. 633; *Mo. Pac. Ry. Co.* v. *Mackey*, 127 U. S. 205; *People* v. *Griswold*, 213 N. Y. 92; *Hauser* v. *North British & Mer. Ins. Co.*, 206 N. Y. 455; *People* v. *Ringe*, 197 N. Y. 143; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431.) Section 1576 of the charter operates as a revocation of all existing master plumbers' licenses issued after January 1, 1920, without cause and constitutes a deprivation of plaintiff's property rights without due process of law. (*Fox Amusement Co.* v. *McClellan*, 62 Misc. Rep. 100; *Matter of Picone* v. *Comm. of Licenses*, 241 N. Y. 157; *People ex rel. Greenberg* v. *Reid*, 151 App. Div. 324; *Kalman* v. *Walsh*, 355 Ill. 341; *People* v. *Love*, 298 Ill. 304; *Czarra* v. *Board of Medical Supervisors*, 25 App. D. C. 443; *Hewitt* v. *Board of Medical Examiners*, 148 Cal. 590; *Williams* v. *People*, 121 Ill. 84; *Matter of Yates* v. *Mulrooney*, 245 App. Div. 146; *Schnaier* v. *Navarre Hotel & Importation Co.*, 182 N. Y. 83.)

LEHMAN, J. In 1930, after examination by the Examining Board of Plumbers of the City of New York, and the receipt of a certificate of competency from the Board, the petitioner, Robert Seignious, was licensed as a master plumber and, in accordance with the provisions of the Greater New York Charter (Laws of 1901, ch. 466), he has registered his name annually as a licensed master plumber and thus renewed his license without taking a new examination. The Legislature, by chapter 610 of the Laws of 1936, repealed title 5 of chapter 23 (erroneously numbered "21" in the statute) of the Greater New York Charter entitled "Examining Board of

Plumbers," and instituted a new title 5, "Licensing of Plumbers." The new title provides, among other things, that the Commissioner of Health shall have cognizance and control of the granting, issuing, transferring, renewing, revoking, suspending and canceling of all licenses to engage in the trade, business or calling of duly registered and licensed master plumbers. (§ 1572.) The Commissioner is forbidden to issue any license to " any person who is not certified as a successful candidate by the municipal civil service commission but shall issue such license to any successful candidate, unless the license of such candidate has been previously revoked or suspended." (§ 1573.) The title further provides that " the commissioner of health or the municipal civil service commission may require as a condition of renewal of any plumber's license issued after January first, nineteen hundred twenty, that the holder of such license qualify for such renewal by successfully passing an examination by the municipal civil service commission as herein provided." (§ 1576.)

The Commissioner of Health has issued a notice to all licensed master plumbers who received their certificate of competency after January 1, 1930, that they will be required to qualify for a renewal of their licenses after January 1, 1937, by successfully passing a new examination by the municipal civil service commission. The petitioner, in mandamus proceedings, has successfully challenged the validity of the statute which purports to empower the Commissioner to require such an examination.

The Legislature has power to regulate the vocation of master plumbers and to require that the vocation shall be restricted to persons who have obtained licenses after proof of their competency. (*People ex rel. Nechamcus* v. *Warden*, 144 N. Y. 529.) A license does not create a vested right to continue to carry on that vocation if there is reasonable ground for requiring new proof of competency

by a re-examination, and here it may hardly be questioned that reasonable ground does exist. The Legislature may not, however, arbitrarily discriminate among applicants who seek to enter or to continue a lawful vocation, and in this case the petitioner's challenge is directed, principally, to those features of the statute which it is said create an unlawful discrimination against the petitioner and others required by the Commissioner to take the examination.

The statute divides licensed master plumbers into two classes: Those in the class composed of persons who received their licenses before January 1, 1920, are entitled to renewal of their licenses without re-examination; those in the other class, composed of persons who received their licenses thereafter, may be required to take such an examination as a condition of renewal of their licenses. The petitioner contends that the classification is not based upon reasonable ground, and that the discrimination which it creates is arbitrary. The dividing line between these classes is drawn by the Legislature and has at least the merit that it is clearly marked; every licensed master plumber knows that he belongs in one class or another, and it is the Legislature which has placed him there. We need not now pause to consider whether the Legislature acted reasonably in drawing that line. The provision that the Commissioner *may* require those who received their licenses after January 1, 1920, to be re-examined leaves him free to make further discriminations among the members of that class. There the Legislature has not drawn any line of cleavage, nor indicated a standard or measure by which the Commissioner might draw such line and thus carry out a policy formulated by the Legislature in differentiating between those who shall take the examination and those who shall be exempt. In effect, the Legislature has said to the Commissioner that within the general class of those who received their licenses

after January 1, 1920, he may select those persons who, in his opinion, shall be re-examined or in his discretion may require that all or none be re-examined. Authorization given to an administrative officer to choose without providing a measure or standard for such classification is beyond the power of the Legislature.

We are told that the Legislature here has merely conferred an administrative power upon an administrative officer. The powers which the Legislature has endeavored to confer are more than administrative. Only the Legislature may decree that a person shall not pursue a lawful vocation without first passing an examination, and a provision in a statute that an administrative officer shall, in accordance with his untrammeled discretion, and according to his own ideas, determine who shall take an examination and who shall be exempt, constitutes a delegation of a legislative power.

The Legislature may delegate to the administrative officer who has been given control of the granting of licenses a measure of discretion in the formulation of tests for the determination of fitness of applicants for a license. (*Douglas* v. *Noble*, 261 U. S. 165; *Matter of Elite Dairy Products, Inc.*, v. *Ten Eyck*, 271 N. Y. 488.) The Legislature cannot grant to an administrative officer plenary power to discriminate between applicants, requiring some to prove their fitness and granting a license to others without such proof. The Legislature is free to choose among conflicting considerations, and mould the law according to its own will subject only to constitutional restrictions. It cannot delegate the same freedom of choice to an administrative officer. There it must erect guide posts which will enable the officer to carry out the will of the Legislature.

We may assume that in the exercise of the powers which the Legislature has sought to confer on the Commissioner of Health he will act reasonably. None the less, if the statute is valid, he may pick and choose among individuals

without formulating a general standard to be used in classification and without being bound by any standard formulated by the Legislature. That is not the grant of an incidental power, it is the delegation of a legislative power. It is indeed more than that; it is the grant of a power to discriminate in the matter of a man's right to continue to carry on his business, not only between classes of applicants, but even between individuals in accordance with his own judgment of what is best in that particular case. That the Legislature has no power to do. (*People* v. *Klinck Packing Co.*, 214 N. Y. 121.)

The order should be affirmed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.