## UNITED STATES v. GRAMLICH et al.
### No. 3762.

District Court, S. D. Illinois, S. D.
May 21, 1937.

Walter L. Rice, Welly K. Hopkins, Edward P. Hodges and John F. Clagett, Sp. Assts. to Atty. Gen., Howard L. Doyle, U. S. Atty., of Springfield, Ill., and Robert L. Stern and F. Gwyn Harper, Jr., Sp. Attys., both of Washington, D. C., for the United States.

A. M. Fitzgerald and G. William Horsley, both of Springfield, Ill., for defendants.

BRIGGLE, District Judge.

Twenty-six defendants have been charged with violation of the Act of June 18, 1934, commonly referred to as the Anti-Racketeering Act, 18 U.S.C.A. §§ 420a–420e,[1] and the matter is before the court on a motion to quash the indictment.

The challenge to the sufficiency of the indictment is founded mainly upon:

1. Asserted invalidity of the act as being beyond the power of Congress under the commerce clause of the Constitution.

2. The asserted invalidity of section 4 as being an unlawful delegation of power to the Attorney General.

3. The assertion that if section 4 be deemed valid, the indictment fails to aver compliance therewith.

The first objection is directed to the language of section 2 of the act (18 U.S.C. A. § 420a), which recites in part: "Any person who, in connection with or in rela-

---

[1] The term "trade or commerce," as used herein [section 420a of this title], is defined to mean trade or commerce between any States, with foreign nations, in the District of Columbia, in any Territory of the United States, between any such Territory or the District of Columbia and any State or other Territory, and all other trade or commerce over which the United States has constitutional jurisdiction. (18 U.S.C.A. § 420b)

Sec. 2. Any person who, in connection with or in relation to any act in any way or in any degree affecting trade or commerce or any article or commodity moving or about to move in trade or commerce—

(a) Obtains or attempts to obtain, by the use of or attempt to use or threat to use force, violence, or coercion, the payment of money or other valuable considerations, or the purchase or rental of property or protective services, not including, however, the payment of wages by a bona-fide employer to a bona-fide employee; or

(b) Obtains the property of another, with his consent, induced by wrongful use of force or fear, or under color of official right; or

(c) Commits or threatens to commit an act of physical violence or physical injury to a person or property in furtherance of a plan or purpose to violate subsections (a) or (b); or

(d) Conspires or acts concertedly with any other person or persons to commit any of the foregoing acts: shall, upon conviction thereof, be guilty of a felony and shall be punished by imprisonment from one to ten years or by a fine of $10,000, or both. (18 U.S.C.A. § 420a)

Sec. 3. (a) As used in this Act [section 420a of this title] the term "wrongful" means in violation of the criminal laws of the United States or of any State or Territory.

(b) The terms "property", "money", or "valuable considerations" used herein [in section 420a of this title] shall not be deemed to include wages paid by a bona-fide employer to a bona-fide employee. (18 U.S.C.A. § 420b(a, b)

Sec. 4. Prosecutions under this Act [sections 420a to 420e of this title] shall be commenced only upon the express direction of the Attorney General of the United States. (18 U.S.C.A. § 420c)

Sec. 5. If any provisions of this Act [sections 420a to 420d of this title] or the application thereof to any person or circumstance is held invalid, the remainder of the Act [said sections], and the application of such provision to other persons or circumstances, shall not be affected thereby. (18 U.S.C.A. § 420e)

Sec. 6. Any person charged with violating this Act [section 420a of this title] may be prosecuted in any district in which any part of the offense has been committed by him or by his actual associates participating with him in the offense or by his fellow conspirators: Provided, That no court of the United States shall construe or apply any of the provisions of this Act [sections 420a to 420e of this title] in such manner as to impair, diminish, or in any manner affect the rights of bona-fide labor organizations in lawfully carrying out the legitimate objects thereof, as such rights are expressed in existing statutes of the United States. (18 U.S.C.A. § 420d)

tion to any act *in any way or in any degree* affecting trade or commerce." It cannot be gainsaid that in the use of this all-inclusive language Congress has gone farther than ever before and farther than the previous decisions of the courts warrant in undertaking to define as an offense *any* unlawful interference with commerce, regardless of the degree of such interference. Coronado Coal Co. v. United Mine Workers, 268 U.S. 295, 45 S.Ct. 551, 69 L.Ed. 963; Schechter Poultry Corporation v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947 (and other cases cited); Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160; National Labor Relations Board v. Jones & Laughlin Steel Corporation, 57 S.Ct. 615, 81 L.Ed. ——, and companion cases, decided by Supreme Court, April 12, 1937 (National Labor Relations Board v. Fruehauf Trailer Co., 57 S.Ct. 642, 81 L.Ed. ——; National Labor Relations Board v. Friedman-Harry Marks Clothing Co., 57 S.Ct. 645, 81 L.Ed. ——; Washington, V. & M. Coach Co. v. National Labor Relations Board, 57 S.Ct. 648, 81 L.Ed. ——; Associated Press v. National Labor Relations Board, 57 S.Ct. 650, 81 L.Ed. ——).

If this clause had read "any person who in connection with or in relation to any act * * * substantially and directly affecting trade or commerce," the entire argument now presented against the section would fall. Counsel for the Government urge that if the language shall be deemed too broad, then by virtue of the separable provision of the act (section 5, 18 U.S.C.A. § 420e), the court should in its construction discard the objectionable language, and read the section as last indicated. Counsel for defense urge in reply that to do so would destroy the intention of Congress.

■ If Congress intended to make *any* interference with commerce (no matter in what degree) the gist of the offense being defined, then it seems wholly logical to conclude that they intended to define as an offense a substantial or material interference. Even though it be said they were reaching too far in their purpose, this is no reason to conclude that they did not intend to legislate within the scope of their power. The very fact that they were striking at the least or remotest interference with commerce is in itself evidence that they were likewise condemning the more direct and more offensive. The averments of the indictment show a substantial and material interference with interstate commerce, and holding as I do that the language of the act is sufficient to reach such material interference, it is unnecessary to speculate as to what extent Congress may go without transgressing its power.

Section 4 of the act (18 U.S.C.A. § 420c) provides that prosecutions thereunder shall only be commenced upon the express direction of the Attorney General of the United States. Defendants assert this to be an unwarranted delegation of power to the Attorney General, rendering the entire act invalid. They assert in the alternative that if the court shall deem this section valid, still the motion to quash should prevail because the indictment fails to show that such direction was given by the Attorney General. Again the Government avers that if this section shall be invalid the separable clause justifies it being discarded without affecting the balance of the act.

■■ This presents a striking example of the applicability of the separable clause. The act is complete without section 4; the offense made punishable is fully defined in the preceding sections and the act is completely enforcible without section 4 in the same manner as other penal statutes. The test of separability must depend on the substantive provisions of the act, not the method of its administration.

■ It is unnecessary, however, on the motion to quash to pass upon the validity of this section as the assertion that the authority of the Attorney General must be pleaded in the indictment as a condition precedent cannot be accepted. Indeed it will *never* become necessary in the instant case to pass upon the validity of this provision for it affirmatively appears from the records of the clerk's office that such authority was extended by the Attorney General before the grand jury investigation was instituted.

Other points are raised, but they are deemed without substantial merit.

The motion to quash is denied.