In the Matter of GUY D. BENDETTO and Others, Petitioners, against PAUL J. KERN, President, and Others, Constituting the Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, April 12, 1938.

*Albert De Roode*, for the petitioners.

*William C. Chanler, Corporation Counsel [Seymour B. Quel* of counsel], for the defendants.

MCLAUGHLIN (CHARLES B.), J. In this proceeding forty-five petitioners attack the constitutionality and legality (1) of chapter 610 of the Laws of 1936, dealing with the licensing of master plumbers, and (2) of the sections of the Administrative Code for the city of New York which purport to replace chapter 610 of the Laws of 1936. This court should not concern itself with the wisdom of the statute. The only matter to be determined is the constitutionality of the act. The various contentions made by the petitioners will be taken up *seriatim.* The first point made by the petitioners is that section 3 of chapter 610 is unconstitutional for the reason that it violates the Home Rule Amendment to the Constitution. According to the petitioners the unconstitutionality of this " saving clause " in the act " infects with equal unconstitutionality the rest of the chapter." There are several answers to this contention. (1) In the first place chapter 610 of the Laws of 1936 has been specifically repealed by section 2 of chapter 929 of the Laws of 1937 which enacted the Administrative Code. (See Schedule of Laws Repealed, p. 1732.) The claim that, despite its specific repeal, chapter 610 still remains in force appears to overlook the language of the second sentence of section 982-1.0 of the Administrative Code (p. 1531), which reads as follows: " Insofar as this act revises, consolidates, codifies, continues or restates the provisions of any statutes, local laws or ordinances, applicable to the City of New York and in force on December thirty-first, nineteen hundred thirty-seven, such provisions shall be deemed unchanged in substance and effect except as may be necessary to harmonize them with the New York city charter *except as any of such provisions are specifically repealed*

*by this act."* (Italics the court's.) (See *Matter of Smith* v. *Morgan*, 167 Misc. 815.)

The paragraph which the petitioners contend is unconstitutional as violating the Home Rule Amendment is not included among the new provisions relating to the licensing of plumbers contained in the Administrative Code, and the petitioners are, therefore, attacking a statute which does not exist. (2) In the second place, even if it be assumed that section 3 of chapter 610 of the Laws of 1936 is still in force, and even if it be assumed further that said section is unconstitutional, the petitioners' claim that said unconstitutionality renders the other sections of chapter 610 unconstitutional is without merit. Section 3 is, as the petitioners concede, nothing more than a " saving clause " and, even if unconstitutional, is clearly severable from the remainder of the chapter. As the petitioners are in no way affected or prejudiced by the provisions of the saving clause embodied in section 3, they have no standing in this proceeding to assail the constitutionality of that section, and the question of the unconstitutionality of the section is, therefore, not properly before the court at this time.

The second point made by the petitioners is that " Chapter 610, Laws of 1936, is basically unconstitutional in delegating to the Civil Service Commission powers without the purview of Article V, section 6, Constitution." Examination of section 6 of article V of the Constitution discloses that there is nothing in the contents of said section which prevents the Legislature from conferring upon the municipal civil service commission the power to examine applicants for plumbers' licenses, or which restricts the powers of the commission to the examination of candidates for positions in the civil service. *Matter of Richardson* (247 N. Y. 401) is clearly distinguishable. It was there held that the powers of the judiciary under the Constitution are confined to the performance of judicial functions. There is no constitutional provision, however, which limits the powers and functions of the municipal civil service commission to the administration of civil service matters and which prevents the Legislature from conferring additional powers upon the commission. The case of *People ex rel. Balcom* v. *Mosher* (163 N. Y. 32) also has no application here. That case involved a conflict between the provisions of the Constitution regarding appointments to the civil service and another constitutional provision conferring the power of appointing non-elective city, town and village officers upon authorities designated by the Legislature. No such conflict between two sets of constitutional provisions is involved in the present proceeding. There appears to be no good

reason for denying to the Legislature the right to add to the powers of the municipal civil service commission the power to examine candidates for licenses as master plumbers.

The third point made by the petitioners is that " Chapter 610, Laws of 1936, is integrally unconstitutional under the rationale of *Matter of Seignious* v. *Rice,* 273 N. Y. 44." The first answer to this contention is that section 1576 of the Greater New York Charter (added by Laws of 1936, chap. 610), dealing with examinations in connection with the renewing of licenses, which was declared unconstitutional by the Court of Appeals in *Matter of Seignious* v. *Rice* (*supra*), has been specifically repealed along with the rest of chapter 610 and has not been re-enacted as part of the Administrative Code. (See discussion of petitioners' first contention, *supra*.) A second answer to the petitioners' claim is that even if the section dealing with examinations for renewal licenses is assumed to be still in full force and effect, the unconstitutionality of that section does not infect the remainder of the chapter with its own unconstitutionality, for the provision dealing with the discretionary examinations for renewal licenses is clearly severable from the remaining provisions relating to the licensing of master plumbers. As pointed out by Judge Cardozo in *People ex rel. Alpha P. C. Co.* v. *Knapp* (230 N. Y. 48, 60): " The question is in every case whether the legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with the invalid part exscinded, or rejected altogether. The answer must be reached pragmatically, by the exercise of good sense and sound judgment, by considering how the statutory rule will function if the knife is laid to the branch instead of at the roots."

Application of this test requires the conclusion that the unconstitutionality of the provisions relating to discretionary examinations for renewing licenses does not invalidate the remaining provisions of chapter 610 regarding the issuance of original licenses or the renewal of such licenses. It is most improbable that the Legislature would have preferred that there be no statute requiring examinations for the issuance of licenses to a statute which requires such examinations but does not permit discretionary examination of certain licensees as a condition of the renewal of their licenses. In the court's opinion, even if it be assumed that chapter 610 of the Laws of 1936 is still in full force and effect, despite its specific repeal by chapter 929 of the Laws of 1937, the provisions as to the issuance of original licenses and the provisions for the renewal of said licenses still remain in force unaffected by the fact that the provision for discretionary examination of applicants for renewal licenses has been held invalid.

The fourth point made by the petitioners is that if the provision in regard to examinations for renewal licenses, which has been held to be unconstitutional by the Court of Appeals, is severed and segregated from the remaining provisions of the licensing statute, the statute is, nevertheless, invalid in that it fixes no test for the renewal of licenses. The court is of the opinion that this point is not well taken for the reason that the statute, reasonably construed, requires the issuance of renewal licenses to those possessing original licenses unless good cause exists for denying the renewal, viz., the same character of cause which authorizes the commissioner of health to revoke, suspend or cancel a license after notice and hearing to the licensee. (Administrative Code, § 561–2.0.) It is not at all unusual for a licensing statute to provide for the issuance of renewal licenses without containing express language as to the conditions under which renewal licenses may be issued or refused.

The fifth point made by the petitioners is that " The statute (Laws of 1936, chap. 610) is constitutionally unreasonable, in providing in Section 1575 that the requisite schooling and knowledge shall be obtained in a particular manner." This argument refers to the requirement that applicants for a license as master plumber " shall have had not less than ten years' experience in the plumbing industry in the United States, except that three years of experience in the plumbing industry shall be sufficient together with a technical degree in engineering from a college or university approved by Regents of the University of the State of New York." The petition alleges, however, that all the petitioners possess the experience required by said section, and it follows that none of them is aggrieved by the provisions thereof, even if it be assumed that such provisions may successfully be attacked by others who do not possess the requisite experience. Nor are petitioners in a position to maintain that the provisions relating to candidates possessing an engineering degree unreasonably discriminate against other applicants in view of the fact that the petitioners are maintaining this proceeding as a single and indivisible group. It is impossible to determine from the petition how many of the petitioners possess ten years' experience and how many possess less experience but a technical degree. Moreover, at this time it cannot be said by this court that the required time of previous service and training stated in the statute is so arbitrary as to constitute an unwarrantable interference with the constitutional rights of the petitioners. It must be said that there is no such limitation of the type and place of service that apparently impelled the Court of Appeals to declare the acts (Laws of 1905, chap. 572, and Laws of 1913, chap. 71) unconstitutional. (*People* v. *Ringe*, 197 N. Y. 143; *People* v. *Harrison*, 170

App. Div. 802; affd., 219 N. Y. 562.) In both these instances the only persons who could become licensed undertakers were those who had been apprenticed to licensed undertakers for two years in one statute and three in the other. Here we have no such conditions. The field is open, and the only requirements are experience and education. The fact that the statute prescribes such requirements of experience in the particular industry for a period of ten years or such experience for three years together with additional educational requirements does not invalidate it. It was stated recently by Judge LEHMAN: " The Legislature has power to regulate the vocation of master plumbers and to require that the vocation shall be restricted to persons who have obtained licenses after proof of their competency." (*Matter of Seignious* v. *Rice*, 273 N. Y. 44, at p. 48.)

It would, therefore, appear that the Legislature has only safeguarded the public by providing necessary experience and training as to the required qualifications.

The sixth point made by the petitioners is that the statutory provisions authorizing the municipal civil service commission to call upon the plumbing industry for assistance in the preparation, conduct and rating of the practical and written examination are invalid. The petitioners' argument seems to be that " the provision lugging the plumbing industry into the regulation of the right of new people to engage in competition as Master Plumbers is a fascist method of industrial control which should be allowed no headway in our democracy." (Petitioners brief, p. 19.) The answer of the commission states that the committee of the plumbing industry chosen in the manner provided by statute was employed by the commission only for the purpose of discussing generally with the commission's expert examiners the technical qualifications required of master plumbers. The answer also states that it was the expert examiners and not the committee who prepared the examination papers and who are now engaged in rating, grading and marking the same. The court perceives no valid reason for denying to the Legislature the power to provide that the municipal civil service commission may call upon the plumbing industry for assistance in the preparation, conduct and rating of the practical and written examinations of persons seeking a plumber's license. In the last analysis the examination is prepared, conducted and graded by the commission itself through its own experts. It is most natural and indeed desirable that the commission be given the right to obtain the views of the plumbing industry in connection with the determination of the proper qualifications of a master

plumber and the preparation of an examination designed to test the qualifications of candidates for a license as master plumber.

Petitioners also maintain that the selection of paid assistants for the purpose of aiding the municipal civil service commission in preparing and rating the examinations is illegal because the selection is to be made by lot and not by competitive examination. Since the only purpose of the selection is to enable the municipal civil service commission to obtain enlightenment as to the desirable qualifications of a master plumber, enlightenment which the commission is at liberty to disregard and ignore, and since the positions are of a temporary nature and not of the permanent character contemplated by the provisions of the Constitution relating to appointments in the civil service, there appears to be no merit in the contention that the statute is illegal in so far as it authorizes the selection to be made without competitive examination.

The validity of the petitioners' claim that there is no warrant or authority for the ten-dollar fee which each applicant for a license has been obliged to pay for permission to take the examination need not be considered here, since the exaction of the fee, even if improper, would not invalidate the examination or entitle the petitioners to any relief other than the refund of the ten-dollar fee. A proceeding of this character is not the proper remedy for the obtaining of such a refund.

The motion to cancel and annul the examination, to compel the municipal civil service commission to desist and refrain from rating and grading the examination papers, and for other relief, is, accordingly, denied.