Martin Conboy, of New York City, for defendant George E. Browne.

## UNITED STATES v. BIOFF et al.

District Court, S. D. New York.

Sept. 5, 1941.

RIFKIND, District Judge.

Defendant Browne, by demurrer and plea in abatement, challenges the indictment and the statute, commonly called the Anti-Racketeering Statute, 48 Stat. 980, 18 U.S.C.A. § 420a et seq., upon which it is founded. The challenge to the indictment is based upon the following recital therein contained: "That this prosecution has been commenced upon the express direction of the Attorney General of the United States". (Cf. United States v. Gramlich, D.Ct.Ill.1937, 19 F.Supp. 422, where a similar indictment was unsuccessfully attacked for the omission of the quoted language.)

The challenge to the statute is addressed to paragraph § 4, Section 420c, Title 18, U.S.C.A., which reads as follows: "Prosecutions under sections 420a to 420e of this title shall be commenced only upon the express direction of the Attorney General of the United States."

First, concerning the indictment: It is asserted that the indictment upon its face discloses that evidence was presented to the Grand Jury that the Attorney General directed the prosecution to commence; that such evidence is not probative of the commission of a crime. Concededly an indictment does not fail by reason of the receipt by the Grand Jury of inadmissible evidence, Anderson v. United States, 8 Cir., 273 F. 20; United States v. Gouled, D. C., 253 F. 242; Arnstein v. United States,

54 App.D.C. 199, 296 F. 946; certiorari denied, 264 U.S. 595, 44 S.Ct. 454, 68 L.Ed. 867, except in extraordinary circumstances. United States v. Rubin, D.C., 218 F. 245.

Nevertheless, the defendant presses the point that evidence of the Attorney General's direction belongs to this exceptional class of cases since it tends to overawe the Grand Jury and bring about an indictment merely by reason of the wishes of the highest law officer of the United States. It is urged that it could not but have been prejudicial to the defendant to have the intelligence conveyed to the Grand Jury that "Washington wants this indictment".

The argument is appealing but without merit. By statute of fairly ancient vintage, Act of June 30, 1906, Section 310, Title 5, U.S.C.A., the Attorney General has the power and authority to appear before a Federal Grand Jury in person and by his deputies. Surely, it cannot be contended that the present system of district prosecutors is endowed with any peculiar constitutional sacredness. Congress undoubtedly may, if it so chooses, vest the direction of all prosecutions in the Attorney General. It has, indeed, exercised this power in selecting certain statutes for enforcement by the Attorney General. § 4 of the Sherman Act, 26 Stat. 209, 15 U.S.C.A. § 4; § 15 of the Clayton Act, 38 Stat. 730, 15 U.S. C.A. § 25; 15 U.S.C.A. § 77t(b).

If the personal appearance of the Attorney General before the Grand Jury does not warrant a defendant in complaining of the undue influence exerted by this high official, a fortiori, the mere report of his direction or request does not afford ground for objection.

■ Second, concerning the statute: The statute is claimed to violate Article I, Sections 1 and 8 of the Constitution in that it attempts to delegate to the Attorney General power to define and determine what acts shall constitute a crime and be punishable; to violate the Fifth Amendment in that it attempts to delegate to the Attorney General powers vested exclusively in the Grand Jury; and to violate due process and the Sixth Amendment guaranteeing a trial by an impartial jury.

The line of division between permitted and prohibited delegations of legislative powers has not yet been adequately surveyed by the few decisions which deal with the problem. Yick Wo v. Hopkins,

118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220; Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446; People v. Klinck Packing Co., 214 N.Y. 121, 108 N.E. 278, Ann.Cas.1916D, 1051; Matter of Seignious v. Rice, 273 N.Y. 44, 6 N.E.2d. 91; Buttfield v. Stranahan, 192 U.S. 470, 24 S.Ct. 349, 48 L.Ed. 525; Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947; United States v. Butler, 296 U.S. 561, 56 S.Ct. 144, 80 L.Ed. 396.

It is to be noted that in the case at Bar the crime is fully and adequately defined in the statute. The punishable action is clearly identified. What is left open to the Attorney General's discretion is whether a prosecution shall commence. In that respect it differs from the cited instances where either law making or regulation making power is conferred upon an administrative agency, operative in futuro. No such authority is conferred by the statute under consideration.

The Attorney General is given the limited choice of proceeding or forbearing in any particular instance, after the event.

Is that not a choice which every prosecutor has with respect to every offense? The United States Attorney has the power, after indictment found, to enter a nolle prosequi. The approval of the court is not requisite. United States v. Woody, D.C., 2 F.2d 262; United States v. Collidge, 1819, Fed.Cas. No. 14,858, 2 Gall. 364; Cf. United States v. Watson, Fed.Cas. No. 16,652, 7 Blatchf. 60.

True, in the instant case, the Attorney General may stop the process of prosecution at the very threshold, whereas the nolle prosequi is operative only after proceedings have commenced. But the defendant can hardly complain of this additional protection against conviction and against the harassment of a trial.

■ Does the statute constitute such an infringement of the powers of the Grand Jury as to violate the constitutional safeguards of that institution and of due process. Manifestly, the statute prevents a prosecution from going forward without the direction of the Attorney General; but, as has already been pointed out, a prosecutor can always arrest a prosecution. The present statute does no more than to advance the time for such action by the prosecutor. It does not seemingly prevent the Grand Jury from functioning as an inquisi-

497ct499

torial body. In the capacity of the grand inquest of the people (Blair v. United States, 250 U.S. 273, 282, 39 S.Ct. 468, 63 L.Ed. 979) it may present (Hale v. Henkel, 201 U.S. 43, 59, 26 S.Ct. 370, 50 L.Ed. 652) accusations relating to the Anti-Racketeering Statute. The persons accused therein would not be arraigned unless the Attorney General directed the prosecution to continue. But the important function of the Grand Jury, eloquently urged by the defendant, the power to bring to public attention the commission of crimes and to act as a spur to recalcitrant prosecutors, is in no way tampered with.

It follows that if these powers may properly be vested in a prosecutor they may be properly vested in an Attorney General. Congress has made a choice of possible places to lodge that responsibility. It has not thereby offended the Constitution.

In this view of the statute it becomes unnecessary to pass on the applicability and effect of the separability clause, Section 420e, Title 18, U.S.C.A.

■ The defendant has proceeded both by demurrer and plea in abatement. The former, rather than the latter, is the proper means of addressing defects appearing on the face of the indictment. United States v. Goldman, D.C., 28 F.2d 424.

These applications were not timely made but there was no inexcusable delay. The time for making them is therefore extended and the plea in abatement and the demurrer are both overruled.