In the Matter of ARCHIE F. HEYNER, Doing Business as K & G GARAGE, Appellant, v. VINCENT L. BRODERICK, as Police Commissioner of the City of New York, Respondent.— Judgment, denominated an order, entered June 10, 1966, in an article 78 proceeding denying petitioner-appellant's application to annul a determination of the respondent Police Commissioner refusing to issue two unrestricted towing licenses to the petitioner, unanimously reversed, on the law, with $50 costs and disbursements to petitioner-appellant, and the matter remanded in the exercise of discretion to respondent-respondent to reconsider the application and the reasonableness of his determination that only restricted towing licenses will be awarded for garages located without the City of New York. There is nothing in the applicable statute which limits the issuance of unrestricted licenses to those applicants whose repair facilities are located within the city (Administrative Code of City of New York, § 436–7.0, as amd. by Local Law No. 59 of the Local Laws of the City of New York, eff. Jan. 1, 1966). Indeed, certain of the Commissioner's regulations which implement the statute indicate that unrestricted licenses are not expressly limited to those with facilities in the city (e.g. Rules and Regulations of the Police Department Governing Towing Cars, § C[a] [1]). The Commissioner has shown insufficient factual basis for his conclusion that an unrestricted license may not be granted to petitioner because the inspection of petitioner's premises would place unreasonable burdens upon his department. The record shows that petitioner's garage is located within 500 feet of the city line and has already been inspected by a police officer. The Commissioner's ruling is premised upon its general regulation which prohibits members of the Police Department from leaving the city officially without special permission except in emergencies. But the issue is whether it is reasonable to apply this general regulation to the instant facts, and especially without parallel provision to the same effect in the towing license regulations applicable to all prospective licensees. Determination of this issue is presently impossible in view of the absence of facts which indicate the nature and extent of the burdens that would be placed upon the Police Department were it to grant unrestricted licenses to those whose facilities are located in areas immediately adjacent to the city (cf. *Otto Milk Co.* v. *Rose*, 375 Pa. 18; *State ex rel. Larson* v. *City of Minneapolis*, 190 Minn. 138). Concur — Breitel, J. P., McNally, Stevens and Capozzoli, JJ.