OPINION OF THE COURT
Morris Slifkin, J.
In a proceeding by which petitioners seek to have the court declare that section 2 of chapter 77 of the Laws of 1977 (amdg Social Services Law, § 131-a), is null and void on numerous grounds, both petitioners and respondent have moved for summary judgment.
The petitioners’ motion is granted solely to the extent of holding that the legislation is unconstitutional under section 1 of article III of the New York State Constitution in that it contains an impermissible delegation of legislative power. Accordingly, the court need not pass on the other points *150 raised by petitioners. The cross motion is denied, as is plaintiff’s request for counsel fees.
The order to be submitted shall provide that the respondent pay to petitioners any moneys that they have actually expended for increased rent to which they would have been entitled, but for the enactirient of this statute.
Section 2 of chapter 77 of the Laws of 1977 provides for a limitation upon increases for rent grants provided to existing recipients of public assistance. It sets forth a schedule of permitted increases. In the second subdivision of said law, it is provided that: "Any recipient or any landlord of a recipient may apply to the department for an exception from the limitations of subdivision three-a of this section where the recipient is charged an increase in rent in excess of the amounts authorized under such subdivision. Such exceptions shall be granted where the department determines that a greater increase is warranted on the basis of such factors as the department shall by regulation establish. No person authorized to apply for an exception pursuant to this subdivision shall be entitled to a fair hearing on the issue of such exception.”
Petitioners argue, and the Court agrees, that such delegation is violative of section 1 of article III of the New York State Constitution in that it constitutes an impermissible delegation of powers by the Legislature in that there is a total lack of standards or guidelines required to be set forth in the statute (Matter of Seignious v Rice, 273 NY 44; Matter of Levine v Whalen, 39 NY2d 510, 515).
Further, since the second subdivision is an integral part of the legislation, it may not be severed and the balance upheld, assuming that the first subdivision is not constitutionally infirm.
In all other respects, petitioners’ motion is denied.