OPINION OF THE COURT
John R. Tenney, J.
Petitioners, as owners of Commercial Collision, have brought a CPLR article 78 proceeding for a determination that the city safety commissioner has improperly removed Commercial Collision from the tow truck rotation list. In . the alternative, petitioners have requested that the commissioner cease using such a list.
The rotation list is used by Utica City Police to establish the order of calling tow trucks to the scene of automobile accidents or for the removal of illegally parked vehicles. Petitioner was on the rotation list for three years. It was removed as of September 1, 1978, because it “is located outside the city limits of the City of Utica, New York.”
Subdivision 13 of section 20 of the General City Law delegates to the City of Utica authority to “regulate and license occupations and businesses”. Subdivision 6 of section 3-8 of the Utica City Charter grants authority to the common council to “regulate the use of streets and sidewalks by foot passengers, animals or vehicles”.
There are also several ordinances delegating responsibilities to the Utica Police Department; to direct traffic, to remove vehicles in violation of snow emergency rules, for impounding vehicles', and placing the police in charge of an accident scene.
*205 Section 131 of the Second Class Cities Law gives the commissioner of public safety “such other powers and perform such other duties as may be prescribed by the law or by ordinance of the common council”. Section 133 gives him authority to “adopt and enforce such reasonable rules, orders and regulations, not inconsistent with law, as may be reasonably necessary to effect a prompt and efficient exercise of all the powers conferred”. Section 142 gives the police department “such other powers * * * as may be provided by law or ordinance of the common council”.
Discretion may be delegated to an administrative officer, such as the commisioner of public safety, but only when accompanied by specific standards. In Matter of Small v Moss (279 NY 288, 298), the court said it, “has repeatedly pointed out that the courts may not invade the field of discretion conferred by law upon an administrative officer. It has also pointed out that such field of discretion must be defined by the Legislature. The Legislature must set bounds to the field, and must formulate the standards which shall govern the exercise of discretion within the field. Without the second rule as a corollary to the first rule, there would be no effective restraint upon unfair discrimination or other arbitrary action by the administrative officer”.
Only a legislative body may delegate to an administrative officer the power to exercise discretion. However, such delegation must be accompanied by standards to guide the administrative official. (Matter of Small v Moss, supra.) The Legislature is free to choose among conflicting considerations, and mold the law according to its own will subject only to constitutional restrictions. It cannot delegate the same freedom of choice to an administrative officer. There it must erect guide posts which will enable the officer to carry out the will of the Legislature. (Matter of Seignious v Rice, 273 NY 44.)
None of the ordinances or statutes cited create any authority in the commissioner to establish a rotation list. (Matter of Heyner v Broderick, 26 AD2d 808.) The commissioner has assumed legislative authority (Matter of Federal Tel. & Radio Corp. [Corsi], 301 NY 95), which he does not have.
*206 It is necessary that the common council pass enabling legislation before the commissioner can establish a list.
Therefore, the motion is granted to the extent that the rotation list is declared invalid.