Arthur J. Selkin, Esq. Town Attorney, Yorktown
In a telephone conversation elaborating on your request for an opinion you have asked whether your town may establish a list of qualified towing companies to be utilized on a rotating basis to tow disabled, abandoned and illegally parked vehicles at the owner's expense.
We believe that there is ample authority for the establishment of such a list, Section 1660(8) of the Vehicle and Traffic Law authorizes regulations by towns to provide for the removal and storage of illegally parked and abandoned vehicles on highways outside of villages in the town and for the payment of reasonable charges for such removal and storage by the owner or operator of the vehicle. We believe that a municipality by local law in exercising its police power may establish a procedure for the towing of disabled, abandoned and illegally parked vehicles (Municipal Home Rule Law, § 10[1][ii][a] [12]).
You ask about the effect of Wharram v City of Utica, 106 Misc.2d 204 (Sup Ct, Oneida Co, 1979), in which the court decided that the city's Commissioner of Public Safety could not establish a list of towing companies without enabling legislation by the common council authorizing such action. While a legislative body may confer a degree of discretion upon an administrative officer, it must also define the limits of that discretion and fix the rules or standards that must govern its exercise (Matter of Small v Moss, 279 N.Y. 288, 295 [1938]). The degree of flexibility that may be delegated by the legislative body varies according to the nature of the problem sought to be remedied by the legislation (Matter of Broidrick v Lindsay, 39 N.Y.2d 641, 646 [1976]). We believe that a legislative body could lawfully delegate to an administrative officer the responsibility to establish a list of qualified towing firms. The delegation should specify the standards to be applied in compiling and administering the list.
You ask whether the town may establish eligibility criteria for membership on the list such as presence of body shop facilities, adequate parking, etc., and whether the town may limit the number of firms on the list and assign each responsibility for a particular geographical area of the town. We believe that eligibility criteria designed to insure the use of firms with capabilities to respond safely, quickly and competently and with adequate facilities to serve expected needs promote the public health, safety and welfare and therefore are within the authorization of section 1660(8) of the Vehicle and Traffic Law and the Municipal Home Rule Law, § 10 (1) (ii) (a) (12). The local legislstive body, based upon local conditions, must determine relevant eligibility criteria. We believe that the list may be limited to the number of firms necessary to meet the town's towing needs and that the assignment of designated geographical areas to particular firms promotes the public interest by facilitating a fast response (Matter of Love Towing v Beame,93 Misc.2d 1064 [Sup Ct, New York Co, 1978]).
Finally, you ask whether the town by competitive bidding may award an exclusive franchise for towing services to the highest bidder. Presumably, the advantage of this procedure is that it assures impartiality in the award process and produces revenue for the town. As we have indicated, the authority for local regulations relating to the towing of vehicles are sections 1660 (8) of the Vehicle and Traffic Law and 10 (1) (ii) (a) (12) of the Municipal Home Rule Law. These provisions are delegations of the police power to municipalities. Therefore, any local regulations promulgated thereunder must promote the health, safety and welfare of persons and property in the municipality. The award of a franchise for towing services with no other purpose than to generate general revenue for the town does not appear to be a proper exercise of the police power. If, however, the awarding of a franchise promotes the public health, safety and welfare and the revenue from the award is to be used to defray the expense of administering the towing regulations, the franchise could be viewed as an integral part of the regulatory framework (see Matter of Love Towing v Beame, supra). We believe that the town in its bidding specifications may limit bidders to those firms with adequate capabilities to perfom the towing services and may specify fees for towing services (id., at pp 1070-1072). This will help to assure that the franchise is awarded to a capable firm that will not charge the public unreasonable towing fees.
We conclude that a town may establish a list of qualified towing companies to be utilized on a rotating basis to tow disabled, abandoned and illegally parked vehicles. A town may by competitive bidding award an exclusive franchise for the provision of towing services.