■ In the Matter of MARTIN J. COLBURN, Doing Business as COLBURN PLUMBING & HEATING, Respondent, v EXAMINING BOARD OF PLUMBERS OF THE DEPARTMENT OF HEALTH OF THE CITY OF UTICA et al., Appellants. — Order unanimously reversed, without costs, motion granted and default judgment vacated. Memorandum: The petition in this CPLR article 78 proceeding seeks a judgment requiring respondent board to administer to petitioner an examination for a master plumber's license. It was originally noticed to be heard on June 3, 1981 but on May 27, 1981 the parties agreed to adjourn the hearing date to June 10, 1981. The board's answer was served by mail on June 5, 1981. On the adjourned hearing date, Special Term held that the board was in default for failure to have served its answer at least five days before the petition was originally noticed to be heard (see CPLR 7804, subd [c]). On its finding that the board failed to show a meritorious defense, Special Term refused to relieve the board from its default and directed the entry of a default judgment. We disagree with Special Term's determination that the board failed to demonstrate merit. The answer and supporting papers raise the issue of petitioner's experience and thus his eligibility to be licensed as a master plumber. The court erroneously reasoned that if petitioner passed the examination the board could then determine whether petitioner was not otherwise qualified to be a master plumber. Subdivision 2 of section 44 and section 45 of the General City Law vest in the examining boards of plumbers authority to examine persons applying for certificates of competency as master plumbers and to examine their experience and qualifications. The statutes do not prescribe any uniformity in the testing procedures to be employed by examining boards and each board may provide its own method of ascertaining the fitness of applicants (*People ex rel. Lavier v Hessler,* 152 App Div 839). In exercising its statutory authority, respondent board has determined that an applicant must demonstrate satisfactory work experience before he will be permitted to take the board's customary examination for a master plumber's license. We do not find such a requirement to be unreasonable but in so holding it is observed that because the issue has not been briefed or argued by the parties, we do not pass upon the constitutionality of respondent board's work experience standards (see *Matter of Bendetto v Kern,* 167 Misc 831, affd 255 App Div 753, affd 279 NY 798). We thus conclude that in the circumstances presented, it was an improper exercise of discretion to direct entry of a default judgment (see CPLR 7804, subd [e]; *Matter of Abrams v Kern,* 35 AD2d 971; *Matter of McGrath v Cornelius,* 30 AD2d 732; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.07). (Appeal from order of Supreme Court, Oneida County,

Lynch, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.