# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 54
The People &c.,
    Appellant,
    v.
Carlos Galindo,
    Respondent.

Eric C. Washer, for appellant.
Hannah Gladstein, for respondent.

RIVERA, J.:

The issue presented on this appeal is whether CPL 30.30 (1) (e), added to the speedy

trial statute and made effective while defendant's direct appeal was pending before the

Appellate Term, applies to his case. The amendment requires application of CPL 30.30 (1)

- 1 -

and its maximum times for prosecutorial readiness to accusatory instruments charging traffic infractions jointly with a felony, misdemeanor, or violation. However, the legislature has not mandated retroactive application of the newly worded CPL 30.30. We therefore reverse the Appellate Term's order insofar as appealed from because the court mistakenly relied on the amended language in granting defendant's motion to dismiss the accusatory instrument.

***

Defendant was charged in 2014 in a single accusatory instrument with three misdemeanor counts and three traffic infractions under various sections of the Vehicle and Traffic Law. Approximately 17 months later, defendant moved to dismiss the accusatory instrument on speedy trial grounds pursuant to CPL 30.30. The court denied the motion, concluding that the statute did not apply to jointly charged traffic infractions and that the People did not exceed the 90-day statutory time limit applicable to the misdemeanor counts. Thereafter, a jury convicted defendant of two misdemeanors and two infractions and acquitted him of the remaining counts. The court sentenced defendant to a conditional discharge, imposed fines and a six-month vehicle license suspension, and mandated installation of an ignition interlock device for one year and defendant's attendance at a one-day Victim Impact Panel.

During the pendency of defendant's appeal before the Appellate Term, the legislature amended CPL 30.30 to add 30.30 (1) (e), which states that the term "offense"

includes traffic infractions for the purpose of subdivision (1) of CPL 30.30.[1] The Appellate Term granted defendant's motion to dismiss the accusatory instrument, including the traffic infractions, concluding that the People exceeded the statutory time limit to state their readiness for trial on the misdemeanor counts and that the amendment applied retroactively (70 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). A Judge of this Court granted the People leave to appeal (36 NY3d 1056 [2021]).

The People concede that CPL 30.30 (1) (e) means what it says—namely, that a traffic infraction is an "offense" for purposes of subdivision (1) of CPL 30.30—but they argue that the amendment as written fails to achieve its legislative purpose and, regardless, that the amendment is not retroactive. We reject the People's invitation to treat the amendment as a legal nullity and ignore the legislature's intent that traffic infractions jointly charged with the offenses delineated in CPL 30.30 (1) be included within the statutory speedy trial framework. However, we agree that the legislature intended that CPL 30.30 (1) (e) apply to criminal actions commenced on or after the effective date of the amendment. Thus, the Appellate Term should not have relied on the amended version of the statute to resolve defendant's appeal.[2]

"The primary consideration of courts in interpreting a statute is to 'ascertain and give effect to the intention of the Legislature'" (*Riley v County of Broome*, 95 NY2d 455,

---

[1] CPL 30.30 (2) was also amended to add an identical paragraph (e) to that subdivision.

[2] The District Attorney does not challenge the Appellate Term's finding that the prosecution exceeded the 90-day statutory time limit applicable to the misdemeanor charges.

463 [2000], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a]). Generally, "the plain meaning of the statutory text is the best evidence of legislative intent" (*People v Cahill*, 2 NY3d 14, 117 [2003], citing *Riley*, 95 NY2d at 463). Indeed, "[a]s a general rule, unambiguous language of a statute is alone determinative" (*Riley*, 95 NY2d at 463, citing *Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 565 [1984]).

In April 2019, as part of a suite of criminal justice reforms, the legislature amended CPL 30.30, adding, as relevant here, paragraph (e) to subdivision (1), which became effective January 1, 2020 (*see* L 2019, ch 59, pt KKK, § 2). "Although the words 'speedy trial' appear in the title to CPL 30.30 and the section is often referred to as expressing a statutory right to a speedy trial," CPL 30.30 actually functions to disincentivize prosecutorial delay by granting a defendant the right to dismissal where the People are not ready for trial (*People v Brothers*, 50 NY2d 413, 417 [1980]). The statute imposes time limits, defined by the highest graded count, by when a prosecutor must declare readiness for trial (*see* CPL 30.30 [1] [a]-[d]). The amendment did not change the existing times allotted nor did it alter the statutory structure, which provides the greatest amount of time when a defendant is accused of a felony and which affords increasingly less time as the charged offenses decrease in seriousness. As amended, CPL 30.30 (1) reads:

> "Except as otherwise provided in subdivision three of this section, a motion made pursuant to paragraph (e) of subdivision one of section 170.30 or paragraph (g) of subdivision one of section 210.20 of this chapter must be granted where the people are not ready for trial within:

"(a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony;

"(b) ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony;

"(c) sixty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of not more than three months and none of which is a crime punishable by a sentence of imprisonment of more than three months; or

"(d) thirty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a violation and none of which is a crime.

"(e) for the purposes of this subdivision, the term offense shall include vehicle and traffic law infractions."[3]

The text brings traffic infractions, when charged jointly with at least one of the other listed offenses, within the scope of CPL 30.30 (1). Reading the amendment in context, the newly worded CPL 30.30 (1) puts to rest any question of the legislature's intent that the time limits specified in that provision apply to criminal actions in which a traffic infraction is jointly charged with a higher-grade offense. The statutory framework is hierarchical, as the statutory time frames are set forth in descending order. The statute imposes shorter periods of time within which the People must declare their readiness for trial as the severity of the top charge decreases. Thus, at the highest end of the spectrum, if the action includes at least one felony charge, the prosecution has six months to declare readiness for trial,

---

[3] CPL 30.30 (3) (a) exempts "criminal action[s] wherein the defendant is accused of" various homicide offenses from these speedy trial time limits.

while at the lowest end, the prosecution has 30 days if at least one offense is a violation and no charged offense is a crime. Contrary to the People's assertion, it was unnecessary for the legislature to have specified a distinct time limit for trial readiness for traffic infractions—non-criminal infractions that are less serious than all the offenses referenced in the statute—since it is obvious that by expressly including traffic infractions within the definition of "offenses," the legislature intended that the prosecution's maximum time to declare trial readiness in a criminal action that includes a traffic offense would be determined by the most serious offense charged. Indeed, at the time the amendment was enacted, there were lower court cases which had concluded that traffic infractions were not offenses for purposes of CPL 30.30 (*see e.g. People v Gonzalez*, 168 Misc 2d 136, 137 [App Term, 1st Dept 1996] [holding that a traffic infraction was not on "the level of a more serious offense . . . (that would) bring the case within the ambit of CPL 30.30"]), although no definitive interpretive pronouncement had been issued by this Court. While that open question lingered for decades, it was well settled that the "general rule articulated in CPL 30.30 (1)" is that "the readiness time requirement is based on the most serious offense charged in the criminal action" (*People v Cooper*, 98 NY2d 541, 546 [2002]). Our Court had made clear that "CPL 30.30 (1) . . . correlates the applicable time period to the highest grade of offense charged in a criminal action" (*id.*). We assume the legislature was aware of the state of the law and acted with that understanding in drafting subdivision (1) (e) (*see Arbegast v Board of Educ. of S. New Berlin Cent. Sch.*, 65 NY2d 161, 169 [1985] ["The Legislature is . . . presumed to be aware of the decisional and statute law in existence at the time of an enactment" (citation omitted)]; *Hammelburger v Foursome Inn Corp.*, 54 NY2d

580, 588 [1981] ["Ascertainment of the legislative intent behind (an) enactment . . . requires consideration of the decisional law background . . . of which it may be presumed the Legislature was aware"]). Thus, it was wholly logical for the legislature to adopt language it considered necessary to expressly reject lower court decisions that excluded traffic infractions from the criminal action subject to dismissal, without needing to codify the uncontroversial rule articulated in *Cooper*.

To deem the amendment ineffective, as the People urge, would ignore the obvious significance of the legislature's chosen language and violate a core principle of statutory construction that "effect and meaning must, if possible, be given to the entire statute and every part and word thereof" (McKinney's Cons Laws of NY, Book 1, Statutes § 98 [a]). Indeed, "[a] construction that would render a provision superfluous is to be avoided" (*Majewski v Broadalbin-Perth Cent. Sch. Dist.*, 91 NY2d 577, 587 [1998]). Essentially, the People seek a declaration from this Court that the amendment was a waste of legislative time and resources, a failed exercise of legislative authority. But as then-Judge Cardozo explained over a century ago, "[w]e cannot impute to the lawmakers a futile and frivolous intent" (*Matter of Rouss*, 221 NY 81, 90 [1917]). Therefore, we "decline to read the amendment in such a way as to render some of its terms superfluous" and, as a consequence, hold it a legal nullity (*Matter of OnBank & Trust Co.*, 90 NY2d 725, 731 [1997]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 144 ["Statutes will not be construed as to render them ineffective"]).

We are similarly unpersuaded by the People's argument that giving effect to CPL 30.30 (1) (e) would be nonsensical because actions involving *only* traffic infractions would still not be covered by the speedy trial statute. That interpretation of the statute is correct and obvious from its plain text, but it is the prerogative of the legislature to decide under what circumstances to mandate time limits for trial readiness. There is no evidence to suggest that the governmental delay the legislature sought to address through the criminal speedy trial statute exists where the criminal action only involves a traffic infraction.[4] In any case, the legislature is free to decide which issues to address, and we are not free to ignore legislation because some may believe the legislature has not gone far enough (*see Allen v Minskoff*, 38 NY2d 506, 511 [1976] ["A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration" (internal quotation marks and citation omitted)]; *Sheehy v Big Flats Community Day*, 73 NY2d 629, 634 [1989]  ["(T)he Legislature has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves"]; *cf. Matter of Seignious v Rice*, 273 NY 44, 50 [1936]

---

[4] As defendant points out, in non-criminal cases, the Vehicle and Traffic Law imposes certain time limits for traffic infractions (*see e.g.* Vehicle and Traffic Law §§ 155 [providing that, with some exceptions irrelevant here, "(a)ll provisions of law relating to misdemeanors" shall apply to traffic infractions in those parts of New York except "those portions of Suffolk county for which a district court has been established" and "cities having a population in excess of one million"]; 225 [1] [permitting the establishment of administrative tribunals in "cit(ies) having a population of one million or more" to hear cases involving only traffic infractions]; 227 [2] [imposing separate readiness requirements on the People in traffic infraction cases heard before such administrative tribunals]).

["The Legislature is free to choose among conflicting considerations, and mould the law according to its own will subject only to constitutional restrictions"]).

We nevertheless agree with the People that the newly worded statute does not apply to criminal actions commenced before its effective date. "It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it" (*Majewski*, 91 NY2d at 584; *see Jacobus v Colgate*, 217 NY 235, 240 [1916, Cardozo, J.] ["It takes a clear expression of the legislative purpose to justify a retroactive application"]). The same is true of a statutory amendment, which this Court has held "will in general have prospective effect only, unless its language indicates that it should receive a contrary interpretation" (*Matter of Thomas v Bethlehem Steel Corp.*, 63 NY2d 150, 154 [1984], citing McKinney's Cons Laws of NY, Book 1, Statutes, § 52; *see also Matter of Gleason [Michael Vee, Ltd.]*, 96 NY2d 117, 122 [2001] ["Amendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated"]). "The reach of the statute ultimately becomes a matter of judgment, made upon review of the legislative goal" (*Matter of OnBank*, 90 NY2d at 730)

Nothing in the text "expressly or by necessary implication" requires retroactive application of the statute as amended (*Majewski*, 91 NY2d at 584). Nor does the legislative history support such interpretation. First, the legislature *delayed* the amendment's effective date for eight months, indicating its intent that CPL 30.30 (1) (e) apply prospectively. "The

postponement of the effective date . . . furnishes critical and clear indicia of intent. If the amendment[ was] to have retroactive effect, there would have been no need for any postponement" (*People v Utsey*, 7 NY3d 398, 403-404 [2006] [internal quotation marks omitted]). Second, the legislature waited over forty years after lower courts first declared that traffic infractions are not offenses within the meaning of CPL 30.30 (1) before expressly abrogating that line of cases. This lengthy lapse in time weighs against immediate application of the amendment and suggests a policy choice to effect a future change in the law. In sum, there is no indication of legislative urgency for CPL 30.30 (1) (e) to "reach back" and impose an immediate effect on pending matters and no basis to conclude that the amendment should be applied retroactively.

We conclude that, because the amended statute was not in effect when the criminal action against defendant was commenced, CPL 30.30 (1) (e) has no application to defendant's direct appeal from that judgment of conviction. Accordingly, the order of the Appellate Term, insofar as appealed from, should be reversed and the case remitted to the Appellate Term for consideration of the facts and issues raised but not determined on appeal to that court.

Order, insofar as appealed from, reversed and case remitted to the Appellate Term, Second Department, Second, Eleventh and Thirteenth Judicial Districts, for consideration of the facts and issues raised but not determined on appeal to that Court. Opinion by Judge Rivera. Chief Judge DiFiore and Judges Garcia, Wilson, Singas, Cannataro and Troutman concur.

Decided June 16, 2022